**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

CAREER COLLEGES
& SCHOOLS OF TEXAS,

                    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
EDUCATION; MIGUEL CARDONA,
in his official capacity as the Secretary
of Education,

                    Defendants.

CASE NO.:  1:23-cv-00433-RP

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR AN EXTENSION OF TIME TO RESPOND TO
THE PENDING PRELIMINARY-INJUNCTION MOTION**

Plaintiff Career Colleges & Schools of Texas ("CCST") respectfully opposes Defendants'

Motion for an Extension of Time, (Dkt. 32), to Respond to Plaintiff's April 5 Motion for

Preliminary Injunction, (Dkt. 23).  In opposition, CCST states as follows:

1.        Between March 8 and March 15, 2023, the parties had been in direct discussion

regarding a proposed, expedited summary judgment briefing schedule.

2.        On March 13, 2023, Defendants represented that the Department of Education (the

"Department") could produce and file the required administrative record by April 17, 2023.

3.        On March 17, 2023, Defendants filed their motion to dismiss or transfer to the

Austin Division of the Western District of Texas or the U.S. District Court for the District of

Columbia (the "Motion to Dismiss or Transfer").  (Dkt. 12.)

4.      On April 5, 2023, CCST submitted its motion for a preliminary injunction to enjoin Defendants from implementing or enforcing the newly promulgated borrower defense regulations prior to the July 1, 2023 effective date.

5.      On April 17, 2023, the Northern District of Texas Court granted in-part Defendants' Motion to Dismiss or Transfer and transferred the action to the Austin Division of the Western District of Texas, per Defendants' request.

6.      Pursuant to Local Rule CV-7(d), Defendants' response to CCST's motion for preliminary injunction would have been due on April 19, 2023.

7.      Now that the Motion to Dismiss or Transfer has been adjudicated, and this action has been transferred to Defendants' requested venue, Defendants' argument that an extension is necessary, because the Motion to Dismiss or Transfer must be decided prior to adjudication of any motion for preliminary injunction, is moot.

8.      Defendants therefore cannot show good cause to justify an extension until May 15, 2023 – or 26 days beyond the date when their response would be otherwise due.

9.      Further, CCST has significant concerns regarding what appear to be efforts by Defendants to engage in purposeful delay, thus depriving the Court of necessary time to review briefing, consider argument, and resolve the preliminary injunction, never mind the merits.[1]

10.     Notwithstanding the above, CCST is not opposed to a *reasonable* extension, as reflected in the proposed schedule below, which asks that the Court impose a deadline for the

---

[1] In an oddly-placed footnote in their Motion for an Extension of Time, Defendants incorrectly contend that CCST has not effected service and thus "the time for Defendants to answer the complaint has not yet begun to run."  (Dkt. 32.)  For the avoidance of doubt, CCST rejects this contention.  As evidenced by the submitted affidavits of process server Angela Drake, CCST effectuated service as to each of the Defendants, including by "sending a copy of the summons and complaint by certified mail to the civil process clerk a[t] the Office of the U.S. Attorney for the Northern District of Texas."  (Dkt. 15-4.)

Department to produce and file the required administrative record, especially given the aforementioned concerns regarding Defendants' delay efforts.

11.    Accordingly, CCST respectfully requests that the Court deny Defendants' motion to extend the time for Defendants' response to Plaintiff's motion for preliminary injunction.

12.    CCST requests that the Court set the following schedule:

Defendants file Opposition to CCST's Preliminary-Injunction Motion:    **May 5, 2023**

Plaintiff files its Reply Brief in Support of Preliminary Injunction:    **May 12, 2023**

Hearing:    **As soon as practicable and at a time convenient for the Court.**

Dated: April 24, 2023                        Respectfully submitted,

s/ Allyson B. Baker
Allyson B. Baker (*pro hac vice pending*)
Stephen B. Kinnaird (*pro hac vice pending*)
Michael Murray (*pro hac vice pending*)
Sameer P. Sheikh (*pro hac vice pending*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20037
allysonbaker@paulhastings.com
(202)-551-1830

/s/ Philip Vickers
Philip Vickers
Texas Bar No. 24051699
pvickers@canteyhanger.com
Katherine Hancock
Texas Bar No. 24106048
khancock@canteyhanger.com
CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
(817) 877-2800

*Attorneys for Plaintiff*
*Career Colleges & Schools of Texas*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 24, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sends email notification of such filing to counsel of record.

/s/ Philip Vickers
Philip Vickers