# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

CAREER COLLEGES & SCHOOLS OF TEXAS,

    Plaintiff,

  v.

U.S. DEPARTMENT OF EDUCATION *et al.*,

    Defendants.

Case No. 23-cv-433-RP

**DEFENDANTS' MOTION TO EXCLUDE EXPERT DECLARATION**

**INTRODUCTION**

Plaintiff Career Colleges and Schools of Texas (CCST), a trade association representing for-profit higher education institutions, has moved for a preliminary injunction seeking to prevent the Department of Education's 2022 Final Rule, which amends regulations governing federal student loan programs, from going into effect. In particular, CCST asserts that its member schools have been and will continue to be harmed by the borrower-defense and closed-school discharge provisions of the Rule. In support of its motion, CCST submitted the Expert Declaration of Diane Auer Jones, ECF No. 25 (App-1–14), who asserts experience in "higher education and public policy." Jones Decl. ¶ 2. As that description suggests, however, Jones is not an expert but a mere "advocate of policy." *In re Air Crash Disaster at New Orleans*, 795 F.2d 1230, 1233 (5th Cir. 1986). And indeed, her declaration advocates her policy preference for the Department's 2019 borrower-defense rule—the one she worked on when she was a political appointee at the Department. That is not a permissible purpose for an expert declaration, and the Court should therefore exclude it as inadmissible under the Federal Rules of Evidence.

**BACKGROUND**

The Jones Declaration offers the opinion of one individual on the 2022 Rule that CCST challenges under the Administrative Procedure Act (APA). The declaration first explains her background—including undergraduate and advanced degrees in biology and chemistry and stints as a political appointee in the Department during previous administrations, Jones Decl. ¶¶ 6–12—and the "evidence considered"—limited to the challenged Rule and experience "working on previous" borrower-defense rules, *id.* ¶¶ 14–15. The declaration then details what Jones believes to be the "deficiencies" of the 2022 Rule, repeatedly comparing it to the 2019 rule that she worked on and apparently prefers as a policy matter, *see id.* ¶¶ 20, 24–25, 27–29, 35, 41, and Jones's speculation as to the effects that the Rule will have on for-profit schools, without identifying a single school or applying

1

the Rule's provisions to any factual circumstances. *See, e.g.*, *id.* ¶ 26 (claiming, without reference to any provision, that the Rule will force schools to "prohibit[] staff and faculty from engaging in open dialogue with students"); *id.* ¶ 31 (asserting that the Rule defines "closed school" to "include schools that are actually open and merely relocated," but failing to reference that definition). CCST cites the declaration to support its contention that CCST's member schools will be harmed by the Rule, Br. in Supp. of Mot. for Prelim. Inj. at 7, 22, ECF No. 24, and to substantiate its hypothetical concerns about how the Department will determine when a school is closed for purposes of student loan discharges under the Rule, *id.* at 24.

## ARGUMENT

Federal Rule of Evidence 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). Under this rule, a qualified expert may testify if the court is satisfied that "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The court thus fulfills its "gatekeeping" role by "making a 'preliminary assessment of whether the reasoning or methodology underlying the testimony is . . . valid and of whether that reasoning or methodology properly can be applied to the facts in issue.'" *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (quoting *Daubert*, 509 U.S. at 592–93). This assessment must be made with respect to not just scientific testimony but to all expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

The Fifth Circuit is especially scrutinizing of expert testimony that is "significantly intertwined with the underlying substantive law." *In re Air Crash*, 795 F.2d at 1233. It has admonished that "trial courts must be wary lest the expert become nothing more than an advocate of policy." *Id.* For this

reason, this Circuit does not allow an expert witness to "offer his or her opinion on purely legal matters." *Deaf Interpreter Servs., Inc. v. Webbco Enterprises, LLC*, No. 13-cv-867-RCL, 2015 WL 11565191, at *4 (W.D. Tex. Feb. 11, 2015) (citing *Askanase v. Fatjo*, 130 F.3d 657, 672–73 (5th Cir. 1997)). "There being only one applicable legal rule for each dispute or issue," the resolution of a legal issue "requires only one spokesman of the law, who of course is the judge." *Askanase*, 130 F.3d at 673 (internal quotation marks omitted).

**1.** The Court should exclude the Jones Declaration because it fails to satisfy any of Rule 702's admissibility requirements: (a) it is not "help[ful]" to the Court; (b) it offers no facts in support of its conclusions; (c) it does not even purport to be the product of any "reliable principle[] [or] method[]"; and (d) it necessarily contains no application of an such unnamed principle or method. Fed. R. Evid. 702; *see generally id.*, advisory comm. note (2000 amends.) ("While the terms 'principles' and 'methods' may convey a certain impression when applied to scientific knowledge, they remain relevant when applied to testimony based on technical or other specialized knowledge.").

First, and most glaringly, the Jones Declaration does not help the Court "to understand the evidence or to determine a fact in issue" in this case brought under the APA. Fed. R. Evid. 702. It consists of little more than Jones's own analysis of the 2022 Rule and how it compares to the 2019 borrower-defense rule, as well as the projected effect of the 2022 Rule on some institutions. Indeed, the Jones Declaration "reads like a lawyer's brief, marshaling the evidence and the legal standards to make a persuasive case as to disputed questions of fact" and even questions of law. *Deaf Interpreter Servs.*, 2015 WL 11565191, at *4; *see, e.g.*, Jones Decl. ¶ 4 (summarizing entire declaration as providing her "opinion that the Department's New Rule imposes a standard and process that prejudices schools and was designed to ensure that borrower defense claims, regardless of their legitimacy, will be approved"). This is wholly inappropriate: a proffered expert must provide the Court with something "more than the lawyers can offer in argument." *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992)

3

(internal quotation marks omitted); *see also Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant."); *Popal v. Reliable Cargo Delivery, Inc.*, No. 20-cv-39-DC-DF, 2021 WL 1100095, at *4 (W.D. Tex. Jan. 20, 2021) (holding that proffered expert declaration "seek[ing] to inform the Court of a legal conclusion" was "irrelevant and therefore inadmissible").

True, an expert's "opinion is not objectionable just because it embraces a final issue." *Michelle Hedgecock, DDS, PLLC v. Trang Nguyen DDS PLLC*, No. 20-cv-643-JRN, 2021 WL 2232011, at *2 (W.D. Tex. May 3, 2021); *see* Fed. R. Evid. 704(a). But the opinion must "help the trier of fact." Fed. R. Evid. 702(a). Whether and to what extent the 2022 Rule was deficient is a *legal conclusion* well within this Court's ability to determine, and a purported outside expert's opinion on the agency's decision-making is irrelevant to the Court's review in this APA case. *See, e.g.*, *Marsh v. Oregon Nat. Res. Council*, 490 U.S. 360, 378 (1989) (emphasizing deferential standard of review under the APA and explaining that "an agency must have discretion to rely on the reasonable opinions of its own qualified experts even if, as an original matter, a court might find contrary views more persuasive"); *State of Cal. By & Through Brown v. Watt*, 712 F.2d 584, 606 (D.C. Cir. 1983) ("It is not [the court's] function to resolve disagreements among the experts or to judge the merits of competing expert views . . . . Our task is the very limited one of ascertaining that the choices made by the [agency] were reasonable and supported by the record.").

Moreover, the Jones Declaration does not offer *any* facts forming a basis for her opinions. The only items Jones lists as "evidence considered" are the 2022 Rule itself and her general "experience" with borrower-defense regulations. Jones Decl. ¶ 14. She describes in general terms "the types of schools" that make up CCST's membership, *id.* ¶¶ 16–19, but that description does not include any specific facts pertaining to any particular schools. And she does not even purport to have applied any principle or method to the unidentified facts in reaching her conclusions. Indeed, many of her

4

conclusions appear to be rank speculation, based on unsupported generalities and mischaracterizations of the Rule's provisions. For example, she (1) claims that the borrower-defense provisions of the Rule will "cause untold liability for schools," *id.* at App-7, but offers no factual evidence in support of that vague prognostication; (2) predicts that the closed-school discharge provisions will "discourage schools from investing in better campuses," *id.* at App-9, but does not identify any schools considering particular investments that she believes would be discouraged, much less explain why they would be; and (3) accuses the Department of "intentional[ly]" creating a standard that would hold schools liable for "a single, accidental misstatement," *id.* ¶ 24, but does not present any facts or Department statements suggesting such an intent nor explain how the language of the Rule would lead to such liability.

At bottom, the Jones Declaration offers little more than criticism of the Rule based on her personal policy preferences and baseless predictions, which are neither relevant nor helpful to the Court. *See In re Air Crash*, 795 F.2d at 1233. *Cf., e.g., Caballero v. Archer*, No. 04-cv-561-OG, 2007 WL 9702868, at *2 (W.D. Tex. Feb. 1, 2007) (excluding proffered expert testimony offering only conclusions "well within the capacity and knowledge of the Court" because it "is not helpful, is not relevant, usurps the function of the court, and is an impermissible attempt to testify to the intent of another person"); *Graham v. Dallas Area Rapid Transit*, 288 F. Supp. 3d 711, 729–31 (N.D. Tex. 2017) (rejecting proffered expert declaration that was "riddled with legal conclusions" and did "not address whether [the expert] had sufficient facts to reach his conclusions or discuss procedures or methodologies in the area of" purported expertise). The proffered declaration is therefore inadmissible under the federal rules.

**2.** Even if testimony presenting and applying specialized knowledge on the topic of borrower-defense regulations from outside the Department itself would be helpful to the Court, and even if the content of the declaration met the applicable standards for admission, Jones has not established that

she is qualified to present such testimony. Rule 702 requires that an expert be qualified to testify on the particular subject matter based on "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. The determination whether a proposed expert is qualified "necessarily focuses on the specific facts and circumstances of the case." 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure § 6264.2 (2d ed. 2022). Although experience alone may in some circumstances suffice to qualify an expert witness, it must be "obtained in a practical context" and must be "in the relevant subject." *Id.* § 6264.1.

Jones fails to show that she has the requisite expertise to testify in this case. Indeed, it is not even clear what Jones purports to be an expert in. To the extent that Jones purports to be an expert in the relevant federal laws, she is not a lawyer and does not claim to have any education or training in the law whatsoever. *See* Jones Decl. ¶ 12 (stating that she holds undergraduate and advanced degrees in biology and chemistry). To the extent that she purports to be an expert in borrower-defense regulations and policies based exclusively on her previous roles as a political appointee in the Department, *see id.* ¶¶ 6–7, that limited political experience does not suffice, and any purported expertise gained from that experience cannot reasonably supplant the expertise of the Department as to *its own* policies. *See generally Kumho*, 526 U.S. at 156 ("[A]n expert might draw a conclusion from a set of observations based on *extensive and specialized* experience." (emphasis added)); *see also Marsh*, 490 U.S. at 378 (emphasizing courts' deference to the agency's own experts). Accordingly, Jones is not a "qualified" expert under Rule 702.[1]

## CONCLUSION

For the foregoing reasons, the Court should exclude the proffered expert declaration of Diane Jones.

---

[1] Defendants reserve the right to contest any future expert declaration—for example, one proffered in support of a motion for summary judgment—on the same or other grounds, including that extra-record material is not properly considered in an APA case such as this.

| | |
|---|---|
| Dated: May 15, 2023 | Respectfully submitted,<br><br>BRIAN M. BOYNTON<br>Principal Deputy Assistant<br>Attorney General<br><br>MARCIA BERMAN<br>Assistant Branch Director<br><br>*/s/ Christine L. Coogle*<br>CHRISTINE L. COOGLE (D.C. #1738913)<br>CODY T. KNAPP<br>R. CHARLIE MERRITT<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division<br>Federal Programs Branch<br>1100 L St. NW<br>Washington, D.C. 20005<br>(202) 880-0282<br>christine.l.coogle@usdoj.gov<br><br>*Counsel for Defendants* |