IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| CAREER COLLEGES & SCHOOLS OF TEXAS,<br><br>               Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION; MIGUEL CARDONA, in his official capacity as the Secretary of Education,<br><br>               Defendants. | No. 1:23-cv-00433-RP |

**MOTION OF PUBLIC CITIZEN AND
PROJECT ON PREDATORY STUDENT LENDING FOR LEAVE TO FILE
BRIEF OF AMICI CURIAE IN SUPPORT OF DEFENDANTS**

Public Citizen and Project on Predatory Student Lending hereby move for leave to file the attached brief as amici curiae in support of defendants' opposition to the motion of plaintiff Career Colleges & Schools of Texas (CCST) for a preliminary injunction. Defendants consent to the filing of the amicus brief. Plaintiff opposes the filing of the amicus brief.

**INTERESTS OF MOVANTS**

Movants are two organizations that, among other things, advocate for the interests of student borrowers and have expertise with respect to the statutory scheme regulating student lending.

Public Citizen is a nonprofit consumer advocacy organization with members in all 50 states. Public Citizen appears on behalf of its members before Congress, administrative agencies, and the courts on a wide range of issues involving protection of consumers and workers, public

1

health and safety, and maintaining openness and integrity in government. Public Citizen submitted comments in the Department of Education's 2022 rulemaking at issue here.

The Project on Predatory Student Lending is a nonprofit organization whose mission is to remove barriers to education, training, and occupation for individuals by representing the legal interests of students against predatory practices in higher education and student lending. Since 2012, the Project has represented over one million students across the country, winning landmark cases to protect borrower rights, recover money owed, and cancel fraudulent debt. The Project submitted comments in the Department of Education's 2022 rulemaking at issue here.

## ARGUMENT

The decision whether to permit amici curiae rests within the "broad discretion" of the district court. *Evanston Ins. Co. v. Rodriguez Eng'g Lab'ys*, 2023 WL 379277, at *1 (W.D. Tex. Jan. 20, 2023) (citation omitted); *see also Pacheco v. Freedom Buick GMC Truck, Inc.*, 2011 WL 13234884, at *1 (W.D. Tex. Nov. 1, 2011) (recognizing "the district court's inherent authority to allow the participation of amicus under conditions that the court finds appropriate"). "Generally, the function of an amicus brief is to aid the court with matters apparent on the record or matters of practice that may otherwise escape the Court's consideration." *United States v. Holy Land Found. For Relief & Dev.*, 2009 WL 10680203, at *2 (N.D. Tex. July 1, 2009), *rev'd on other grounds*, 624 F.3d 685 (5th Cir. 2010) "An amicus brief is proper when it assists the judge by presenting aspects of ideas, arguments, theories, facts or data that are not in the parties' briefs." *Id.*  In addition, the Court has "discretion to consider 'amicus' briefing where 'the proffered information is 'timely and useful' or otherwise necessary to the administration of justice.'" *Does 1-7 v. Round Rock Indep. Sch. Dist.*, 540 F. Supp. 2d 735, 739 n.2 (W.D. Tex. 2007); *see Evanston Ins. Co.*, 2023 WL 379277, at *1 (similar).

Here, the proposed amicus brief provides important history and context for the challenged 2022 Borrower Defense Rule and addresses the merits of the plaintiff's challenge. Many of the provisions challenged by CCST reflect the Department of Education's consistent interpretation of the borrower defense statute, 20 U.S.C. § 1087e(h), over nearly three decades. In particular, like the prior iterations of the borrower defense rule, the 2022 Rule recognizes that borrowers may assert the statutory defense to repayment "affirmatively"—that is, before any loan default—rather than only "defensively" in the confines of an administrative proceeding to collect a defaulted student loan. Movants believe that the detailed background and discussion of the statutory text in the proposed amicus brief will be valuable to the Court's consideration of CCST's pending motion for a preliminary injunction, without duplicating the Department's opposition addressing all four preliminary injunction factors.

The proposed amicus brief is timely because it will not delay the briefing or argument in this case, and CCST will have the opportunity in its reply to respond to the arguments in the proposed brief.

## CONCLUSION

For the foregoing reasons, Public Citizen and Project on Predatory Student Lending's motion for leave to file a brief as amici curiae should be granted.

4

Dated: May 16, 2023 | Respectfully submitted,

/s/ Rebecca C. Eisenbrey
Rebecca Eisenbrey (TX 24097646)
Project on Predatory Student Lending
769 Centre Street, Ste 166
Jamaica Plain, MA 02130
(617) 390-2669

Wendy Liu (*pro hac vice* motion pending)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Movants*