**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| CAREER COLLEGES & SCHOOLS OF TEXAS, ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES DEPARTMENT OF EDUCATION; MIGUEL CARDONA, in his official capacity as the Secretary of Education, ) ) ) ) ) ) Defendants. ) ) | No. 1:23-cv-00433-RP |

**REPLY IN SUPPORT OF MOTION OF PUBLIC CITIZEN AND
PROJECT ON PREDATORY STUDENT LENDING FOR LEAVE TO FILE
BRIEF OF AMICI CURIAE IN SUPPORT OF DEFENDANTS**

Movants Public Citizen and Project on Predatory Student Lending respectfully submit this reply brief in support of their motion for leave to file a brief as amici curiae in support of defendants' opposition to plaintiff's preliminary injunction motion. As explained below, and in Movants' motion (ECF No. 58), this Court should grant leave to file the proposed amicus brief.

**ARGUMENT**

Granting leave to file an amicus brief is within the "broad discretion" of the district court. *Evanston Ins. Co. v. Rodriguez Eng'g Labs.*, 2023 WL 379277, at *1 (W.D. Tex. Jan. 20, 2023) (citation omitted). Exercising their discretion, courts in this District often allow amicus briefs in connection with motions for preliminary injunctions. *See, e.g.*, *Fund Texas Choice v. Paxton*, 2023 WL 2558143 (W.D. Tex. Feb. 24, 2023) (Pitman, J.); *United States v. Texas*, 566 F. Supp. 3d 605 (W.D. Tex. 2021) (Pitman, J.); *Texas Democratic Party v. Abbott*, 461 F. Supp. 3d 406 (W.D. Tex.

1

2020) (Biery, J.); *Arnett v. Denton*, 2013 WL 12101006 (W.D. Tex. Jan. 31, 2013) (Nowlin, J.). In this case, the proposed amicus brief should be granted because it provides information that "is 'timely and useful' or otherwise necessary to the administration of justice." *Does 1-7 v. Round Rock Indep. Sch. Dist.*, 540 F. Supp. 2d 735, 739 n.2 (W.D. Tex. 2007).

In seeking a preliminary injunction to enjoin the Department of Education's 2022 Borrower Defense Rule, plaintiff Career Colleges & Schools of Texas (CCST) contends that it is likely to succeed on the merits of its challenge that the Department exceeded its statutory authority. The proposed amicus brief, which focuses on the statute's meaning and the history of the borrower defense regulations, addresses the heart of CCST's contention that it is likely to succeed on the merits. Contrary to CCST's assertion, the amicus brief does not present "new arguments"; rather, it supplements the arguments in defendants' opposition brief by going more in depth on the two points it addresses. At this stage, when the Court is considering whether to grant CCST's request for extraordinary relief, the amicus brief's discussion with respect to the merits of CCST's claim will provide valuable assistance to this Court.

CCST is not prejudiced by the Court's consideration of the proposed amicus brief. Counsel for CCST was served by email with a copy of the amicus brief on May 16, 2023, the day after the Department filed its opposition brief.[1] Movants did not file earlier to ensure that the arguments in the proposed amicus brief did not duplicate the arguments in the Department's opposition brief. CCST—which is represented by eight lawyers in this case—has ample opportunity and resources to respond in its reply brief to the arguments in the amicus brief. CCST has known for several

---

[1] Undersigned counsel for Movants attempted to file the amicus brief electronically on May 16, but encountered a technical problem with the ECF system. Counsel therefore served a copy by email on that day. Earlier filing on that day was stymied by CCST's delay in responding to Movants' May 11 request for consent, to which CCST did not respond until the afternoon of May 16.

weeks that it would have one week to prepare its reply brief, *see* April 25, 2023, Minute Entry Order, and it has known since it initiated this case that the scope of the Department's statutory authority would be the central issue in its challenge. CCST thus has had adequate time to consider arguments addressing the text of the borrower defense statute and the history of the borrower defense regulations—topics that are central to the merits of the claims and discussed in the proposed amicus brief.

## CONCLUSION

For the foregoing reasons, Public Citizen and Project on Predatory Student Lending's motion for leave to file a brief as amici curiae should be granted.


Dated: May 18, 2023                                    Respectfully submitted,


                                                       */s/ Rebecca Clare Eisenbrey*
                                                       Rebecca Eisenbrey (TX 24097646)
                                                       Project on Predatory Student Lending
                                                       769 Centre Street, Ste 166
                                                       Jamaica Plain, MA 02130
                                                       (617) 390-2669

                                                       Wendy Liu (*pro hac vice* motion pending)
                                                       Public Citizen Litigation Group
                                                       1600 20th Street NW
                                                       Washington, DC 20009
                                                       (202) 588-1000

                                                       *Counsel for Movants*