IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAREER COLLEGES & SCHOOLS OF TEXAS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:23-CV-433-RP |
| UNITED STATES DEPARTMENT OF EDUCATION; and MIGUEL CARDONA, in his official capacity as the Secretary of Education, | § § § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is the motion for leave to file an amicus brief by non-parties Public Citizen and Project on Predatory Student Lending (the "Proposed Amici") (Mot., Dkt. 58). Defendants consent to the requested relief, (*id.* at 1), and Plaintiff Career Colleges & Schools of Texas ("CCST") filed a response in opposition, (Opp., Dkt. 60).

Proposed Amici are organizations that "advocate for the interests of student borrowers" and claim to have "expertise with respect to the statutory scheme" at issue in this case. (Mot., Dkt. 58, at 1). They support Defendants' opposition to Plaintiff's pending motion for preliminary injunction and seek to submit an amicus brief that provides "important history and context for the challenged 2022 Borrower Defense Rule," beyond that offered by Defendants. (*Id.* at 3). CCST opposes the motion on the basis that Proposed Amici have not identified a special interest in this case, nor any need to assist Defendants' counsel. (Opp., Dkt. 60, at 1-2). CCST also contends that the motion is not timely, as it comes only five days before CCST must file its reply in support of its preliminary injunction motion. (*Id.*) Accordingly, CCST argues that granting the motion would be prejudicial

because it "would deny Plaintiff an adequate opportunity to respond to the new arguments" in advance of the hearing date. (*Id.*)

Generally, courts have "broad discretion" to admit an amicus curiae. *In re Halo Wireless, Inc.*, 684 F.3d 581, 595-96 (5th Cir. 2012). "Whether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *Id.* at 596 (quoting *Nat'l Org. for Women, Inc. v. Scheilder*, 223 F.3d 615, 616 (7th Cir. 2000)). Nonetheless, "acceptance of an . . . amicus curiae should be allowed only sparingly, unless the amicus has a special interest, or unless the Court feels that existing counsel need assistance." *Evanston Ins. Co. v. Rodriguez Eng'g Lab'ys*, 2023 WL 379277, at *1 (W.D. Tex. Jan. 20, 2023) (quoting *News and Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 32 (S.D. Fla. 1988)). "Generally, the function of an amicus brief is to aid the court with matters apparent on the record or matters of practice that may otherwise escape the Court's consideration." *United States v. Holy Land Found. For Relief & Dev.*, 2009 WL 10680203, at *2 (N.D. Tex. July 1, 2009), rev'd on other grounds, 624 F.3d 685 (5th Cir. 2010) "An amicus brief is proper when it assists the judge by presenting aspects of ideas, arguments, theories, facts or data that are not in the parties' briefs." *Id.* The Court has "discretion to consider 'amicus' briefing where 'the proffered information is 'timely and useful' or otherwise necessary to the administration of justice.'" *Does 1-7 v. Round Rock Indep. Sch. Dist.*, 540 F. Supp. 2d 735, 739 n.2 (W.D. Tex. 2007).

Applying these principles, the Court finds that the motion for leave should be denied. Proposed Amici do not identify any special interest in this case beyond the desire to advocate for Defendants, who are already well represented. Moreover, because the proposed amicus brief focuses on the historical actions of the U.S. Department of Education, a party in this case, the Court finds that Proposed Amici have not adequately shown that they possess "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *In re Halo Wireless, Inc.*, 684 F.3d at 596.

Accordingly, **IT IS ORDERED** that Public Citizen and Project on Predatory Student Lending's motion for leave to file an amicus brief, (Dkt. 58), is **DENIED WITHOUT PREJUDICE** to seek additional leave following the resolution of Plaintiff's pending motion for preliminary injunction.

**SIGNED** on May 18, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE