IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CAREER COLLEGES & SCHOOLS OF TEXAS,<br><br>                     Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF EDUCATION *et al.*,<br><br>                     Defendants. | Case No. 23-cv-433-RP |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION FOR TEMPORARY ADMINISTRATIVE INJUNCTION**

In a scant one-and-a-half pages, CCST moved yesterday, on an "emergency" basis, for "a temporary administrative injunction" against the Final Rule it challenges in this case. Pl.'s Motion, ECF No. 70, at 1. CCST grounded its emergency motion on an apparent concern that the Court will not resolve CCST's other pending, fully-briefed-and-argued preliminary-injunction motion before the Final Rule takes effect on July 1, 2023. The Court is well-aware of the Rule's effective date, however, and it indicated at the evidentiary hearing and oral argument on the preliminary-injunction motion, held four weeks ago, that it would endeavor to rule on the motion by July 1. The Court should deny CCST's latest motion and decide the preliminary-injunction motion in due course.

As an initial matter, CCST's latest motion is improper because it presents a duplicative request for relief. Through its pending motion for a preliminary injunction, CCST already asked this Court for an "injunction delaying implementation of the Rule prior to its July 1, 2023 effective date." Pl.'s PI Br., ECF No. 24, at 25. That is the very same relief CCST asks for in its instant emergency motion. *See* Pl.'s Motion, ECF No. 70, at 1 (seeking an "injunction staying the effective date of the Rule"). But parties are not permitted to file repeat motions for the same relief. *See, e.g., Stann v. First Liberty Ins.*

*Corp.*, No. 6:18-cv-1499, 2022 WL 682759, at *2 (M.D. Fla. Mar. 8, 2022) (admonishing counsel for "attempting to relitigate pending issues"); *Roggio v. United States*, No. 11-cv-22847, 2013 WL 11320225, at *8 (S.D. Fla. June 13, 2013) (concluding that a party "may not seek duplicative relief by repackaging the allegations in the form of two motions"). "Filing a second motion requesting the same relief as a previous, still pending motion only serves to further clog the Court's docket, slow the judicial process, and . . . create confusion for the Court" and parties. *Greene v. Lassiter*, No. 1:19-cv-224-MR, 2020 WL 3270390, at *1 n.1 (W.D.N.C. June 17, 2020); *cf. ODonnell v. Harris Cnty.*, 260 F. Supp. 3d 810, 815 (S.D. Tex. 2017) (noting that "a motion to stay [pending appeal] should not be used to relitigate matters, submit new evidence, or raise arguments which could, and should, have been made before the judgment issued" (quotations omitted)). Try as it might, CCST cannot avoid this problem through labelling; any distinction between a "preliminary injunction," Pl.'s PI Br., ECF No. 24, at 25, and a "temporary injunction," Pl.'s Motion, ECF No. 70, at 2, is illusory. And in the context of this case, where the Court has moved expeditiously to consider the parties' claims and arguments, CCST's redundant request is particularly unwarranted. For these reasons, and in the interest of conserving judicial resources and safeguarding the judicial process, the Court should deny Plaintiffs' motion for "a temporary administrative injunction" as duplicative.

CCST's latest motion also fails on substance. Federal Rule of Civil Procedure 62(d) applies only "where an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction," and no such appeal is pending in this case. And while 5 U.S.C. § 705 authorizes a court to "postpone the effective date of an agency action," that authority is governed by the same factors governing issuance of a preliminary injunction—it does not supplant them. *See Texas v. EPA*, 829 F.3d 405, 424, 435 (5th Cir. 2016) (applying traditional injunctive-relief factors); *R.J. Reynolds Tobacco Co. v. FDA*, No. 6:20-CV-00176, 2022 WL 17489170, at *10 n.93 (E.D. Tex. Dec. 7, 2022) ("The judicial process 'appropriate' under 5

U.S.C. § 705 is determined by the traditional 'balancing process which attends the grant of injunctive relief.'" (quoting *Sampson v. Murray*, 415 U.S. 61, 80 (1974))). Thus, in asking the Court to enter a "temporary" injunction before it conducts the analysis required to support *any* injunction, *see* Pl.'s Motion, ECF No. 70, at 1, CCST puts the cart before the horse.

Unsurprisingly, then, none of the cases referenced by CCST support the notion that a district court may grant a temporary injunction to allow itself more time to consider claims for preliminary-injunctive relief. At most, those cases demonstrate that, in extraordinary circumstances, courts may exercise otherwise-available authority to prevent a party from taking actions that would threaten the courts' jurisdiction. *See, e.g., S. L. V. v. Rosen*, No. 21-cv-17, 2021 WL 243442, at *8 (W.D. Tex. Jan. 25, 2021) (defending issuance of administrative stay of immigrant's removal "for the very limited purpose to determine [the court's] own jurisdiction"); *see also id.* at *6 (discussing case where "the Supreme Court found that 'the District Court unquestionably had the power to issue a restraining order for the purpose of preserving existing conditions pending a decision upon its own jurisdiction'" (quoting *United States v. United Mine Workers of America*, 330 U.S. 258, 290 (1947))); *RNC v. Pelosi*, No. 22-cv-659, 2022 WL 1604670, at *1 (D.D.C. May 20, 2022) (granting limited administrative injunction pending appeal to forestall compliance with a subpoena while party sought emergency relief from the D.C. Circuit); *Trump v. Thompson*, No. 21-5254, 2021 WL 5239098, at *1 (D.C. Cir. Nov. 11, 2021) (granting administrative injunction against release of allegedly privileged documents "to protect the court's jurisdiction to address appellant's claims of executive privilege"); *accord All. for Hippocratic Med. v. FDA*, --- F. Supp. 3d ----, 2023 WL 2825871, at *3, 32 (N.D. Tex. Apr. 7, 2023) (finding relief appropriate under § 705 only after analyzing the preliminary-injunction factors). Because no such extraordinary circumstances exist here, CCST's motion provides no cause to deviate from the normal course of preliminary-injunction proceedings. *Cf. Casa de Maryland, Inc. v. Wolf*, 486 F. Supp. 3d 928, 944 (D. Md. 2020) (challenged rules took effect while the court weighed pending motions).

CCST asserts, without any justification, that delaying the Rule's effective date "will not unduly prejudice Defendants." Pl.'s Motion, ECF No. 70, at 2. But in fact, the unwarranted delay sought by CCST would interfere with the long-planned implementation of important policies to improve the federal student loan programs. As Defendants have already explained, *see* Defs.' Opp'n Br., ECF No. 56, at 38, the public's interest in seeing those policies implemented outweighs CCST's parochial and pecuniary interests. And in any event, CCST has again failed to justify its request for an overbroad, nationwide injunction against the entirety of a multi-faceted and severable Rule, many aspects of which CCST does not even purport to challenge. *See id.* at 38–40.

For all these reasons, the Court should deny CCST's emergency motion for a temporary administrative injunction.

Dated: June 28, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Cody T. Knapp*
CHRISTINE L. COOGLE
CODY T. KNAPP (NY #5715438)
Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Telephone: (202) 532-5663
Facsimile: (202) 616-8470
E-mail: cody.t.knapp@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed electronically via the Court's ECF system, which sent notification of such filing to counsel of record.

<em>/s/ Cody T. Knapp</em>