IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CAREER COLLEGES & SCHOOLS OF TEXAS,<br><br>               Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION; MIGUEL CARDONA, in his official capacity as the Secretary of Education,<br><br>               Defendants. | Case No. 1:23-cv-00433-RP |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
OPPOSED EMERGENCY MOTION FOR TEMPORARY ADMINISTRATIVE
INJUNCTION STAYING THE EFFECTIVE DATE OF THE RULE**

Defendants' Opposition, ECF No. 71, misses the mark. A motion for a temporary administrative stay while the Court decides an underlying motion for preliminary injunction is neither duplicative nor improper. CCST's motion is not duplicative because it seeks an immediate temporary injunction during the pendency of its preliminary-injunction motion, while its preliminary-injunction motion seeks an injunction *during the pendency of the case*, which is only effective once the motion is decided. Those forms of relief are mutually exclusive by definition.

Nor is such a request improper. *Cf. In re Abbott*, 800 F. App'x 296, 298 (5th Cir. 2020) ("Entering temporary administrative stays so that a panel may consider expedited briefing in emergency cases is a routine practice in our court."). It is blackletter law that courts may issue

1

temporary injunctions in order to preserve their jurisdiction by preserving the status quo. *See S.L.V. v. Rosen*, No. SA-21-CV-0017-JKP, 2021 WL 243442, at *6 (W.D. Tex. Jan. 25, 2021) ("[F]ederal district courts may issue an injunction to preserve the status quo . . . .").

Finally, despite its allusion to "long-planned implementation," Defs.' Opp'n Br., ECF No. 71, at 4, the Department still has not pointed to any concrete prejudice that it would suffer from a temporary injunction. The harms suffered by CCST's members, on the other hand, are significant and irreparable. *See* Pl.'s Br. in Support of its Mot. for Prelim. Inj., ECF No. 24, at 20-24.

CCST respectfully urges the Court to grant its motion.

Dated:  June 29, 2023                                  Respectfully submitted,

   */s/ Allyson B. Baker*
Allyson B. Baker (*pro hac vice*)
Meredith L. Boylan (*pro hac vice*)
Stephen B. Kinnaird (*pro hac vice*)
Michael Murray (*pro hac vice*)
Sameer P. Sheikh (*pro hac vice*)
Tor Tarantola (*pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20037
Telephone: (202) 551-1830
Fax: (202) 551-0330
Email: allysonbaker@paulhastings.com

Philip Vickers (TX Bar No. 24051699)
Katherine Hancock (TX Bar No. 24106048)
CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
Telephone: (817) 877-2800
Fax: (817) 877-2807
Email: pvickers@canteyhanger.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system on June 29, 2023.

*/s/ Allyson B. Baker*
Allyson B. Baker
