IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CAREER COLLEGES & SCHOOLS OF TEXAS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION; MIGUEL CARDONA, in his official capacity as the Secretary of Education,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00433-RP |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**

1.　The Department has had 134 days to prepare a response to CCST's complaint. *See* ECF No. 8 (noting receipt on March 2, 2023); *see also* ECF Nos. 11, 12 (counsel for the Department entered an appearance and filed a Rule 12(b)(3) motion on March 17).

2.　The Department's response was properly due on May 2, 2023.[1] *See* Fed. R. Civ. P. 12(a)(2) (giving the United States 60 days from service); *id.* 6(d) (adding 3 days for service by mail). The Department never contested actual notice of the complaint but claimed a technical defect in service. To avoid a dispute on that ground, CCST re-served the summons and complaint. Sixty days has passed since service was perfected, but there is no dispute that the Department has had notice of CCST's complaint for far longer than 60 days.

---

[1] CCST maintains that service was perfected on February 28, 2023. *See* ECF Nos. 8, 42 at 2 n.1.

1

3.⠀⠀⠀⠀⠀⠀⠀The Court has given leeway to the Department in the past, granting a several-week extension to its deadline to respond to CCST's motion for preliminary injunction. *See* Text Order of Apr. 25, 2023. Now that the Rule's effective date has passed, resolution of this case becomes all the more urgent.

4.⠀⠀⠀⠀⠀⠀⠀Extensions are granted "for good cause." Fed. R. Civ. P. 6(b)(1). The Department has not shown good cause to extend its deadline another 14 days, after having had 134 days—more than twice the normal 60 days—to prepare its response.

5.⠀⠀⠀⠀⠀⠀⠀The Department cites the pending appeal of this Court's denial of CCST's preliminary-injunction motion. Mot. ¶ 7. But it does not explain how the appeal of that decision "would inform any next steps in this litigation" or affect the Department's response to the complaint. *Id.*

6.⠀⠀⠀⠀⠀⠀⠀Nor has the Department, which is represented by separate appellate counsel, explained why a fourteen-day extension is needed for its trial counsel to provide assistance, Mot. ¶ 8—especially when it had almost 4 months before the appeal was noticed to prepare its response.

7.⠀⠀⠀⠀⠀⠀⠀Nonetheless, CCST is generally willing to consent to reasonable extensions as a courtesy. For this reason, CCST offered to consent to the instant motion if the Department could commit to producing the administrative record by July 28, 2023, minimizing any prejudice to CCST's members. The Department had previously represented that it could produce and file the record by April 17, 2023, *see* ECF No. 42 ¶ 2, but it still has not done so. Although no specific Federal Rule of Civil Procedure governs production of the administrative record, the rule in the appellate courts is that agencies should produce the record within 40 days of a petition for review of an agency order (which is analogous to a complaint). Fed. R. App. P. 17(a). There is no basis

to delay filing of the record until the agency files an answer. Consequently, if the Court were to grant the Department's motion, CCST respectfully asks that it do so on the condition that the Department produce and file the administrative record by July 28, 2023, in order to minimize further delay.

8. CCST respectfully asks that the Court deny the Department's motion. Alternatively, CCST asks that the Court grant the extension conditional on the Department's producing and filing the administrative record by July 28, 2023.

Dated:  July 14, 2023                                                   Respectfully submitted,

                                                                                                                      /s/ *Allyson B. Baker*
Allyson B. Baker (*pro hac vice*)
Meredith L. Boylan (*pro hac vice*)
Stephen B. Kinnaird (*pro hac vice*)
Michael Murray (*pro hac vice*)
Sameer P. Sheikh (*pro hac vice*)
Tor Tarantola (*pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20037
Telephone: (202) 551-1830
Fax: (202) 551-0330
Email: allysonbaker@paulhastings.com

Philip Vickers (TX Bar No. 24051699)
Katherine Hancock (TX Bar No. 24106048)
CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
Telephone: (817) 877-2800
Fax: (817) 877-2807
Email: pvickers@canteyhanger.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system on July 14, 2023.

*/s/ Allyson B. Baker*
Allyson B. Baker
