IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CAREER COLLEGES & SCHOOLS OF TEXAS,<br><br>        Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF EDUCATION *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-00433-RP |

**DEFENDANTS' SUPPLEMENTAL BRIEF
REGARDING THE ADMINISTRATIVE RECORD**

  Defendants respectfully submit this supplemental brief in accordance with the Court's order of July 14, 2023. That order required the parties to file supplemental briefs addressing Plaintiff's request that the administrative record be produced by July 28, when Defendants' response to the complaint is due. As explained below, production of the administrative record in tandem with Defendants' response to the complaint would be premature, and there is no reason to produce the record on an expedited basis at this stage.

  **1.** The Final Rule challenged in this case was published on November 1, 2022. *See* 87 Fed. Reg. 65,904 (Nov. 1, 2022). CCST filed this case in the Northern District of Texas nearly four months later, on February 28, 2023. After CCST's counsel alerted Defendants' counsel to the existence of this case by email, Defendants promptly engaged in good-faith discussions about potentially expedited proceedings. Between March 8 and March 15, the parties discussed a proposal to move directly into summary-judgment briefing in lieu of preliminary-injunction proceedings. Defendants proposed an omnibus schedule that provided for abbreviated briefing on both the threshold issue of proper venue and summary judgment, and which contemplated the completion of all briefing by June 8. In that

proposal, Defendants anticipated producing the administrative record one week in advance of the deadline for CCST's motion for summary judgment, but Defendants clearly communicated that the proposed schedule, designed to dispense with preliminary-injunction proceedings, was contingent on agreement by the parties on all aspects.

Instead of responding to Defendants' March 15 email, CCST abandoned the scheduling negotiations. CCST waited three weeks, well after Defendants had filed their motion regarding venue, and filed a preliminary-injunction motion on April 5.

Despite CCST's abrupt abandonment of the parties' previous scheduling negotiations, Defendants again engaged with CCST diligently and in good faith to establish a reasonable schedule for resolving CCST's preliminary-injunction motion. Pursuant to the local rules for the Northern District of Texas, Defendants' response to CCST's motion was due on April 26. When CCST would not agree to Defendants' proposed extension of that deadline (or even an alternative, shorter extension), Defendants filed a contested extension motion on April 17. On the same day, Judge Pittman in the Northern District of Texas ordered the case transferred to this Court.

Following transfer, the parties *again* attempted to reach agreement on a proposed schedule, to no avail. Despite reaching a tentative agreement on a schedule that would allow Defendants' response to be filed by May 10, the parties' negotiations broke down due to CCST's insistence that the administrative record be filed posthaste—notwithstanding that the administrative record was not necessary to the resolution of CCST's already-filed preliminary-injunction motion and that CCST had not even completed the necessary step of effecting service on the United States. Defendants indicated that they would be willing to produce the administrative record within a reasonable period of time—subject to certain conditions but before the challenged rule's July 1 effective date—but CCST again abandoned those discussions and proceeded to oppose Defendants' extension request.

**2.** In the course of the parties' discussions, Defendants advised CCST early and repeatedly that service had not been effected on the U.S. Attorney as required by Federal Rule of Civil Procedure 4(i). Although CCST attempted to serve the U.S. Attorney's Office in the Northern District of Texas, that attempt was ineffective because, as Defendants' counsel explained to CCST's counsel on a call on April 17, the mailed summons and complaint were not addressed "to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A)(ii). Defendants preserved their objection to service both in the motion regarding venue, *see* ECF No. 13, at 16 n.3, and in their correspondence with CCST—although that defense was not yet ripe because, as Defendants advised CCST in a May 10 email, CCST had up to 90 days to effect service, *see* Fed. R. Civ. P. 4(m).

Federal courts, including courts in this Circuit, consistently require strict compliance with Rule 4(i) for service to be effected. *See, e.g.*, *Thibeaux v. Tobias*, 61 F. App'x 918 (5th Cir. 2003) (finding service ineffective where, although plaintiff "attempted to serve the [federal] defendants/employees . . . he did not serve the civil process clerk of the United States Attorney, or the Attorney General of the United States"); *Hamilton v. Runyon*, 43 F.3d 669 (5th Cir. 1994) (finding service ineffective under Rule 4(i), emphasizing that "part of the spirit of the Federal Rules of Civil Procedure is preserving the orderly and efficient administration of justice," which "[g]ranting *ad hoc* exemptions from the simple, clear, easy-to-follow rules would destroy"); *Jackson v. Ray*, No. 4:21-CV-00811-O, 2021 WL 4848898, at *2 (N.D. Tex. Sept. 23, 2021), *report and recommendation adopted*, 2021 WL 4848057 (N.D. Tex. Oct. 18, 2021) (finding service ineffective where plaintiff addressed the envelope to the U.S. Attorney, not the civil-process clerk at the U.S. Attorney's Office); *Al Hatab v. U.S. Dep't of Homeland Sec.*, No. 5:16-cv-988-DAE, 2017 WL 11207255, at *3 (W.D. Tex. Mar. 31, 2017) (same). Contrary to CCST's suggestion, actual notice does not excuse a plaintiff's failure to comply with the technicalities of the federal rules governing service. *See, e.g.*, *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990) (affirming dismissal for failure to serve U.S. Attorney,

3

notwithstanding actual notice); *Solis v. Pompeo*, No. SA-18-cv-431-XR, 2018 WL 7288028, at *1 (W.D. Tex. Nov. 30, 2018) ("The Government's 'actual notice' of the suit does not excuse a failure of proper service[.]").

Defendants advised CCST that, although they had necessarily engaged with CCST during the preliminary-injunction proceedings, proper service would be required for the case to proceed to full merits, including the production of the administrative record. Upon CCST's request, on May 10, Defendants provided to CCST scanned electronic copies of its own two failed attempts at service on the U.S. Attorney's Office, demonstrating that the summons and complaint were not addressed to the civil-process clerk as required by Rule 4(i)(1)(A)(ii). Thereafter, on May 15, CCST perfected service by mailing a copy of the summons and complaint addressed to the civil-process clerk in the U.S. Attorney's Office in the Western District of Texas. *See* Request for Issuance of Summons, ECF No. 52.

**3.** Under Rule 12(a)(2), Defendants' response to the complaint was due on July 14, 2023—60 days after service was effected—and this Court's July 14 order extended that deadline to July 28. In the ordinary course, when a case involves judicial review of agency action, the defendant agency will certify and produce the administrative record some period of time after responding to the complaint—typically 30 days or longer and commonly extended—in advance of any cross-motions for summary judgment. *See, e.g.*, Order, *Van Loon v. Dep't of the Treasury*, No. 23-cv-312 (W.D. Tex. Dec. 9, 2022), ECF No. 24 (setting summary-judgment schedule in challenge to agency action, providing for production of administrative record five weeks after government defendants' answer); Op. and Order, *Tex. Gen. Land Office v. Biden*, No. 7:21-cv-272 (S.D. Tex. Sept. 8, 2022), ECF No. 65 (ordering summary judgment schedule in APA suit, staring with filing of administrative record five weeks from date of order); D.D.C. Local Rule 7(n) (generally requiring certifying contents of administrative record

4

30 days after answer to the complaint).¹ There is currently no schedule set for summary-judgment briefing, nor does CCST identify any other need for the administrative record to be produced by July 28. *See* CCST's Opp'n to Extension at 2–3, ECF No. 79.

There is no reason to deviate from the ordinary litigation schedule in this case, particularly as the Fifth Circuit is likely to enter an order in the coming week that may provide guidance on central issues presented here. *See* Order, No. 23-50491 (5th Cir. July 20, 2023), ECF No. 37-1. Defendants will respond to the complaint by July 28, 2023. For the reasons stated above, production of the administrative record simultaneously with Defendants' response to the complaint next week would be premature. Nevertheless, should the court deem accelerated production appropriate, Defendants can be prepared to certify and produce the administrative record within 21 days of responding to the complaint.

Dated: July 21, 2023
Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Christine L. Coogle*
CHRISTINE L. COOGLE (D.C. Bar #1738913)
CODY T. KNAPP (NY #5715438)
Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
202-880-0282
christine.l.coogle@usdoj.gov

*Counsel for Defendants*

---

¹ Puzzlingly, CCST points to the Federal Rule of Appellate Procedure governing the filing of the record in a direct appeal from an agency decision. *See* CCST's Opp'n to Extension at 2, ECF No. 79. That rule is irrelevant to this district court proceeding.