IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAREER COLLEGES & SCHOOLS OF TEXAS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:23-cv-433-RP |
| UNITED STATES DEPARTMENT OF EDUCATION, and MIGUEL CARDONA, in his official capacity as the Secretary of Education, | § § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Plaintiff Career Colleges & Schools of Texas's ("CCST" or "Plaintiff") request for an order requiring Defendant United States Department of Education (the "Department") to produce and file the certified administrative record by July 28, 2023. (*See* Pl.'s Resp., Dkt. 79, at 2–3).

On July 10, 2023, Defendants moved for a two-week extension of their deadline to answer or otherwise respond to CCST's complaint—from July 14 to July 28, 2023. (Mot. Ext., Dkt. 78). CCST opposed the request and alternatively asked that any such extension be conditioned on requiring the Department to produce and file the administrative record by July 28, 2023. (Pl.'s Resp., Dkt. 79, at 2–3). The Court granted Defendants' requested extension but ordered the parties to file supplemental briefs addressing Plaintiff's request that the administrative record be produced on or before July 28, 2023. (Text Order, July 14, 2023). On July 21, both parties filed supplemental briefs. (Dkts. 81, 82).

CCST argues that the Department has had ample time to produce the administrative record since it first became aware of this action almost five months ago. (Pl.'s Supp. Br., Dkt. 82, at 1). It

notes that the Department indicated its readiness to produce the administrative record as early as April 17, but that the Department has subsequently refused to produce it. (*Id*.). According to CCST, the administrative record is needed to facilitate "both the parties' litigation of the merits and the court's consideration of them," especially in the context of a negotiated rulemaking, as the agency may have received untimely or ex parte communications that aren't publicly available. (*Id.* at 3). CCST also contends that it needs time to review the administrative record to prepare for summary judgment briefing and to seek any necessary corrections or supplementation. (*Id*.).

Defendants argue it would be "premature" to require production of the administrative record in tandem with their response to the complaint. (Defs.' Supp. Br., Dkt. 81, at 1). They contend that, in typical practice, an agency does not produce the administrative record until at least 30 days *after* it responds to the complaint. (*Id.* at 4). Defendants argue there is no reason to justify departing from this standard practice here, especially when there is not yet a schedule for summary judgment briefing. (*Id*.). And, while Defendants acknowledge offering to produce the administrative record months ago, they contend that those offers were premised on prior scheduling negotiations that CCST abandoned. (*Id.* at 2).

In APA cases, judicial review is based upon the "full administrative record that was before [the agency] at the time [it] made [its] decision," *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Saunders*, 430 U.S. 99 (1977), and "meaningful judicial review" must be based on the "agency's contemporaneous explanation" presented in the administrative record, *Department of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019). Neither the Federal Rules of Civil Procedure nor this Court's local rules prescribe a deadline by which a defendant agency must certify and produce the administrative record. However, as part of its inherent authority to manage its docket, the Court may establish deadlines for the production of the

administrative record in appropriate circumstances. *See Luther v. Gutierrez*, 618 F. Supp. 2d 483, 496 (E.D. Va. 2009) (directing agency to produce administrative record by a certain date); *Coastal Conservation Ass'n v. Gutierrez*, No. CV H-05-1214, 2006 WL 8445127, at *2 (S.D. Tex. Feb. 17, 2006) (granting motion to compel completion of administrative record).

Under the circumstances, the Court deems it appropriate to order certification and production of the administrative record within 21 days of Defendants' deadline to respond to the complaint. This approach ensures CCST will receive the record on a date certain, with reasonable time to review its contents in advance of summary judgement briefing. Conversely, it protects Defendants against the potential undue burden associated with finalizing the administrative record concurrently with their responsive pleading.

For these reasons, **IT IS ORDERED** that the Department shall certify and produce the administrative record **on or before August 18, 2023.**

**SIGNED** on July 25, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE