UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CAREER COLLEGES & SCHOOLS OF TEXAS<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION and LINDA E. McMAHON, in her official capacity as the Secretary of Education,<br><br>*Defendants*. | Case No. 1:23-CV-00433-RP |

### PLAINTIFF'S MOTION FOR LEAVE
### TO FILE FIRST AMENDED COMPLAINT

Plaintiff Career Colleges & Schools of Texas ("CCST") moves this Court for an order granting it leave to amend the Complaint under Federal Rule of Civil Procedure 15(a)(2). CCST seeks to amend to: (i) add Career Education Colleges and Universities ("CECU") as a plaintiff; (ii) account for an intervening change to the effective date of the regulations challenged in the original complaint, which have been temporarily suspended but will take effect on July 1, 2035; and (iii) add challenges to certain currently operative Department of Education regulations, which took effect upon the temporary suspension of the regulations challenged in the original complaint. A copy of CCST's proposed First Amended Complaint is attached as **Exhibit A**. CCST shared a substantially complete draft of the proposed First Amended Complaint with counsel for the Government Defendants on February 13, 2026, and requested Government Defendants' consent to the proposed amendment. *See* Fed. R. Civ. P. 15(a)(2). On February 20, 2026, counsel for the

Government Defendants indicated that they intend to oppose leave to amend and to file a response to this motion.

Leave to amend should be "liberally granted, when the plaintiff might be able to state a claim based on the underlying facts and circumstances." *Hernandez v. W. Tex. Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 468 (5th Cir. 2023). Accordingly, "[a] court must have a substantial reason to deny a party's request for leave to amend." *Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016) (citation and internal quotation marks omitted). A court may consider "factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment." *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013) (alteration, citation, and internal quotation marks omitted). None of those factors is present here.

Amendments to the operative complaint are necessary because of a recent shift in the regulatory landscape. In April 2024, the Fifth Circuit held that most of the 2022 regulations challenged in the original complaint were likely unlawful and instructed this Court to enter a preliminary injunction to enjoin those regulations. *See Career Colleges & Schs. of Tex. v. Dep't of Educ.*, 98 F.4th 220, 254, 256 (5th Cir. 2024). While the Fifth Circuit's decision was pending before the Supreme Court on a writ of certiorari, Congress suspended the effective date of the 2022 regulations until 2035, with certain 2019 Department of Education regulations that had previously been in effect temporarily reinstated in their original form in the interim. One Big Beautiful Bill Act, Pub. L. No. 119-21, §§ 85001-85002, 139 Stat. 72, 355-56 (2025).

The reinstated regulations, however, suffer from many of the same defects as the 2022 regulations that the Fifth Circuit held are likely unlawful. Like the 2022 regulations, the 2019

regulations exceed the Department of Education's statutory and constitutional authority and expose CCST, CECU, and their member schools to liability for potentially millions of dollars of loans that the Department could seek to recoup from schools through unlawful procedures. As a result, an amendment to the complaint is necessary to address the reinstated 2019 regulations.

Amendment to include CECU as a plaintiff is also proper. As discussed in greater detail in the proposed First Amended Complaint, CECU is an association of schools much like CCST. It counts more than 50 Texas schools as members (many residing in this District), along with hundreds of other schools nationwide. CECU accordingly asserts the same right to relief as CCST, and the questions of law and fact that arise in this action are common to both CECU and CCST. *See* Fed. R. Civ. P. 20(a)(1).

CCST's motion for leave to amend is timely. *See N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478 (5th Cir. 2018) (holding that denial of leave to amend on timeliness grounds is not appropriate absent "undue" delay that would "prejudice the nonmoving party or impose unwarranted burdens on the court") (citation and emphasis omitted). Following the Fifth Circuit's decision holding that the regulations challenged in the original complaint are likely unlawful and should therefore be preliminarily enjoined, the Government Defendants sought further review in the Supreme Court. The Supreme Court granted a writ of certiorari in the case on January 10, 2025, but later dismissed the writ at the parties' request on August 11, 2025, as a result of the intervening suspension of the challenged regulations. Following multiple discussions between the parties about whether and how to continue the litigation, CCST then notified this Court of its intention to file a proposed First Amended Complaint, and this Court ordered that CCST do so by February 20, 2026. *See* ECF No. 116 (Jan. 28, 2026).

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**     Page 3

The Government Defendants also will not suffer "undue prejudice" from the proposed amendment. *Leal*, 731 F.3d at 417 (citation omitted). CCST seeks amendment—for the first time—at a relatively early procedural stage in the case. The case has been stayed since November 1, 2023, while the case was pending in the Fifth Circuit and subsequently the Supreme Court in connection with questions of preliminary relief. *See* ECF No. 94 (Nov. 1, 2023). The Government Defendants have not yet filed an answer, so no discovery or pretrial deadlines would be affected by granting amendment. Rather, allowing amendment at this juncture would conserve judicial resources by ensuring that the full dispute between the parties is brought before the Court.

Finally, the amendment is not futile. On appeal, the Fifth Circuit indicated that CCST had a high likelihood of success on the merits. *See Career Colleges*, 98 F.4th at 254. The proposed amendment applies the same reasoning to the current regulatory scheme and adds CECU, a party that stands to be similarly harmed by the enforcement of the current regulatory scheme, as a participant in the same case. CCST and CECU remain likely to succeed on the merits.

Because CCST's motion is made in good faith, timely, non-prejudicial to the Government Defendants, and not futile, this Court should grant leave to amend.

Dated: February 20, 2026						Respectfully submitted,

*/s/ Benjamin W. Snyder*
Allyson B. Baker (*pro hac vice*)
Meredith Leigh Boylan (*pro hac vice*)
Michael Murray (*pro hac vice*)
Benjamin W. Snyder (*pro hac vice*)
Sameer P. Sheikh (*pro hac vice*)
Paul Hastings LLP
2050 M Street NW
Washington, DC 20037
allysonbaker@paulhastings.com
(202) 551-1830

Philip Vickers
 Texas Bar No. 24051699
Katherine Hancock
 Texas Bar No. 24106048
Cantey Hanger LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
pvickers@canteyhanger.com
(817) 877-2800

*Counsel for Plaintiff*

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**			**Page 5**

## CERTIFICATE OF CONFERENCE

I hereby certify to the Court that, after sending opposing counsel, Liam Holland, an email containing a materially complete copy of the proposed First Amended Complaint on February 13, 2026, I conferred with him via videoconference on February 19, 2026. Opposing counsel advised on February 20, 2026, that Defendants intend to oppose the motion.

Certified to on February 20, 2026, by:

> /s/ Benjamin W. Snyder
> Benjamin W. Snyder

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was electronically filed with the Clerk of Court via the CM/ECF system, and was electronically served on all known counsel of record on this 20th day of February, 2026, as follows:

> Liam Holland
> liam.c.holland@usdoj.gov
> Trial Attorney
> U.S. Department of Justice
> Civil Division
> Federal Programs Branch
> 1100 L St. NW
> Washington, D.C. 20005
> Tel: 202-514-4964
> Fax: 202-616-8470

> /s/ Benjamin W. Snyder
> Benjamin W. Snyder