**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CAREER COLLEGES<br>& SCHOOLS OF TEXAS and<br>CAREER EDUCATION COLLEGES<br>AND UNIVERSITIES,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>EDUCATION and LINDA E. McMAHON,<br>in her official capacity as the Secretary of<br>Education,<br><br>Defendants. | CASE NO. 1:23-CV-433-RP |

**PLAINTIFFS' UNOPPOSED MOTION FOR ORAL ARGUMENT ON DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

Plaintiffs Career Colleges & Schools of Texas and Career Education Colleges and Universities respectfully request that this Court allow oral argument on Defendants' Motion to Dismiss the Amended Complaint, Dkt. No. 123. Defendants' Motion raises multiple jurisdictional and statutory-interpretation questions arising from the intersection of the One Big Beautiful Bill Act ("OBBBA"), Pub. L. No. 119-21, 139 Stat. 72 (2025), and longstanding principles governing judicial review of agency regulations. Plaintiffs respectfully submit that oral argument would aid the Court in considering those important questions.

1. *First*, the parties dispute whether the Department of Education's 2019 Rule remains subject to review under the Administrative Procedure Act ("APA") after passage of the OBBBA. The OBBBA "restored and revived" the borrower-defense regulations "as such regulations were in effect on" July 1, 2020. OBBBA § 85001(b). Defendants contend that enactment of the

OBBBA "transformed the borrower defense regulatory scheme into a statute through a static cross-reference." Mot. at 9. Plaintiffs, on the other hand, maintain that the 2019 Rule remains subject to review because on July 1, 2020, the 2019 Rule "was a regulation, subject (like any other regulation) to judicial review and potential vacatur under the APA." Opp. 10. Oral argument would assist the Court in working through those competing interpretations of the OBBBA's text—a question of first impression in the Fifth Circuit and one barely litigated nationwide.

2. *Second*, the parties dispute whether the challenges to the Department of Education's 2022 Rule remain justiciable when the OBBBA deferred enforcement of that rule until 2035. Defendants contend that the delay has stripped Plaintiffs of any imminent injury. Plaintiffs, in contrast, assert that the 2022 Rule is causing current harm to their members, both because of the increased burden of training and record retention required and because the 2022 Rule "will apply to any loan consolidated after its effective date, even if the loan was originally disbursed before 2035," making "it . . . virtually certain that many of the students and prospective students with whom Plaintiffs' members are currently interacting will still have loans outstanding—and subject to consolidation—when the 2022 Rule takes effect again in 2035." Opp. at 19–20. Those sharply contested factual and legal disputes would benefit from oral argument.

3. *Third*, the parties dispute the proper framework for evaluating the justiciability of the case. Defendants contend that "jurisdiction follows from (and only from) the operative pleading" and that the Amended Complaint "effectively remake[s] the suit," such that justiciability must be reassessed as of the recent amendment. Reply 7 (citing *Royal Canin USA, Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025)). Plaintiffs have instead pointed to Fifth Circuit precedent establishing that because jurisdictional doctrines like standing and ripeness "are assessed based 'on the state of things at the time of the action brought,'" "'subsequent events' cannot 'oust'" the

court of jurisdiction unless they satisfy the demanding standards of mootness doctrine. Opp. 2 (quoting *Carr v. Alta Verde Indus., Inc.*, 931 F.2d 1055, 1061 (5th Cir. 1991)). That fundamental disagreement about the applicable framework for assessing justiciability warrants oral argument.

4. Counsel for Plaintiffs conferred with counsel for Defendants, who indicated that Defendants take no position on the motion and defer to the Court's judgment as to whether oral argument would assist the Court.

5. For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and schedule oral argument on Defendants' Motion to Dismiss the Amended Complaint.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Benjamin W. Snyder*
Allyson B. Baker (*pro hac vice*)
Benjamin W. Snyder (*pro hac vice*)
Michael Murray (*pro hac vice*)
Meredith Leigh Boylan (*pro hac vice*)
Sameer P. Sheikh (*pro hac vice*)
Paul Hastings LLP
2050 M Street NW
Washington, DC 20037
allysonbaker@paulhastings.com
(202) 551-1830

Philip Vickers
Texas Bar No. 24051699
Katherine Hancock
Texas Bar No. 24106048
Cantey Hanger LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
pvickers@canteyhanger.com
(817) 877-2800

*Counsel for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(G), the undersigned counsel certifies that counsel for Plaintiffs conferred with counsel for Defendants regarding this motion. Defendants take no position on the motion and defer to the Court's judgment as to whether oral argument would assist the Court.

*/s/ Benjamin W. Snyder*
Benjamin W. Snyder (*pro hac vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system on August 21, 2026.

*/s/ Benjamin W. Snyder*
Benjamin W. Snyder (*pro hac vice*)