**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CAREER COLLEGES & SCHOOLS OF TEXAS and CAREER EDUCATION COLLEGES AND UNIVERSITIES,<br>Plaintiffs,<br>v.<br>UNITED STATES DEPARTMENT OF EDUCATION and LINDA E. McMAHON, in her official capacity as the Secretary of Education,<br>Defendants. | CASE NO. 1:23-CV-433-RP |

**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Career Colleges & Schools of Texas ("CCST") and Career Education Colleges and Universities ("CECU") write to respond to the Notice of Supplemental Authority filed by the U.S. Department of Education and the Secretary of Education ("Defendants") on September 21, 2026. *See* ECF No. 127. The Notice relies on a recent decision from Minnesota, *Tincher v. Mullin*, No. 0:25-cv-4669, 2026 WL 2797318 (D. Minn. Sept. 18, 2026), to support Defendants' argument that notwithstanding the Fifth Circuit's determination that CCST had standing to challenge the 2022 Rule at the outset of this litigation, CCST's standing disappeared upon the later filing of an amended complaint. *Tincher* is inconsistent with Fifth Circuit precedent and the overwhelming weight of appellate authority in this area, and this Court accordingly should not follow it.

The Fifth Circuit recognized in *Carr v. Alta Verde Industries, Inc.*, 931 F.2d 1055 (5th Cir. 1991), that courts must assess standing based "'on the state of things at the time of the action brought'; if [jurisdiction] existed when the suit was brought, 'subsequent events' cannot 'oust'" the plaintiff of standing. *Id.* at 1061 (alteration omitted) (quoting *Gwaltney of Smithfield, Ltd. v.*

*Chesapeake Bay Found., Inc.*, 484 U.S. 49, 69 (1987) (Scalia, J., concurring)). As other appellate courts have repeatedly recognized, that rule applies even where a plaintiff subsequently filed an amended complaint. In *Patton v. Fitzhugh*, 131 F.4th 383 (6th Cir. 2025), for example, the Sixth Circuit held that "when a plaintiff has filed an amended complaint, standing is measured by when the plaintiff initiated the suit, but as explained by allegations in the operative complaint." *Id.* at 391–92. Similarly, in *Gonzalez v. U.S. Immigration & Customs Enforcement*, 975 F.3d 788 (9th Cir. 2020), the Ninth Circuit determined that because subject matter jurisdiction "depends on the state of things at the time of the action brought," standing must be assessed "as of the time when [the plaintiff] commenced suit, relying on the allegations in the operative amended complaint." *Id.* at 803 (citation omitted). And in *Southern Utah Wilderness Alliance v. Palma*, 707 F.3d 1143 (10th Cir. 2013), the Tenth Circuit held that where "the original complaint has been superceded by an amended complaint, we examine the amended complaint in assessing a plaintiff's claims, including the allegations in support of standing. Nevertheless, standing is determined at the time the action is brought . . . and we generally look to when the complaint was first filed, not to subsequent events to determine if a plaintiff has standing." *Id.* at 1152–53 (internal citation and quotation marks omitted).

*Tincher* identifies no sound basis for concluding otherwise. The court there relied primarily on two recent Supreme Court decisions, but neither one supports its holding. Rather, *Rockwell International Corp. v. United States*, 549 U.S. 457 (2007), and *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), both concern the question of whether jurisdiction still exists when jurisdiction-conferring allegations in the original complaint are withdrawn by a subsequent complaint. In that specific scenario, the Supreme Court held that jurisdiction for a claim is defeated when a plaintiff withdraws the allegations supporting it, unless "the withdrawn allegations were

'replaced by others' giving the court adjudicatory power." *Royal Canin*, 604 U.S. at 36 (quoting *Rockwell Int'l Corp.*, 549 U.S. at 473). The Court did not hold that an amended complaint triggers a new standing clock when, as here, the claims in question have been maintained without material alteration from the original complaint to the amended complaint.*

For all those reasons, this Court should decline to follow *Tincher* in ruling on Defendants' Motion to Dismiss.

Dated: September 30, 2026

Respectfully submitted,

/s/ Benjamin W. Snyder
Allyson B. Baker (*pro hac vice*)
Benjamin W. Snyder (*pro hac vice*)
Michael Murray (*pro hac vice*)
Meredith Leigh Boylan (*pro hac vice*)
Sameer P. Sheikh (*pro hac vice*)
Paul Hastings LLP
2050 M Street NW
Washington, DC 20037
allysonbaker@paulhastings.com
(202) 551-1830

Philip Vickers
Texas Bar No. 24051699
Katherine Hancock
Texas Bar No. 24106048
Cantey Hanger LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
pvickers@canteyhanger.com
(817) 877-2800

* *Tincher* also cited in passing the decision in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). *See* 2026 WL 2797318, at *4. In *County of Riverside*, though, the Supreme Court assessed standing at the time of the second amended complaint for the claims of plaintiffs who were added to the suit by that complaint. *See* 500 U.S. at 51. It did not look to the amended complaint to determine standing for claims that were asserted in the original complaint, as *Tincher* did (and as Defendants ask this Court to do with respect to CCST's challenge to the 2022 Rule here).